THOMAS WATKINS, appellant, *v.* JOHN WHITE, appellee.

*Appeal from Sangamon.*

A party is not bound to sue immediately for any injury he may sustain. He may consult his own convenience, as to when he will assert his rights, provided he is not barred by the statute of limitations, or such length of time as will amount to a presumption of payment or satisfaction.

In an action of replevin for a mare, the Court instructed the jury, "That if they believed, from the evidence, that the plaintiff knew the mare was in Springfield, in the possession of other persons, who were exercising acts of ownership over her, and that, with that knowledge, he forebore, for more than a reasonable time, to be judged of by the jury, to obtain her, they might infer from that, that he had ratified the sale of the mare by his son, and find a verdict for the defendant, although the action might not be within the statute of limitations:" *Held,* That the instruction was entirely too general.

THIS cause was heard in the Court below, at the March term, 1842, before the Hon. Samuel H. Treat and a jury. Verdict and judgment were rendered for the defendant, and the plaintiff appealed to this Court.

A. LINCOLN, for the appellant, cited Long on Sales 174 ; 2 Blac. Com. 450.

E. D. BAKER and A. T. BLEDSOE, for the appellee.

SEMPLE, Justice, delivered the opinion of the Court:

This was an action of *replevin*, brought by Watkins against White, for a certain mare. The declaration was in the usual form. The defendant pleaded several pleas of property ; first in himself, and then in several others. Issues being joined on these several pleas, the parties went to trial ; whereupon, as appears by the bill of exceptions, the defendant proved, that some time in the year 1838, the son of the plaintiff sold and delivered the mare in question to one James Maxcy, in Springfield, for ten dollars in money, and forty dollars in county orders ; that afterwards, Maxcy sold her to one John Constant, and Constant to the defendant ; and thereupon rested his case. The plaintiff then proved that he bought the mare when a colt, kept her a while, and sold her to one Ferguson, who kept her six or eight months, and sold her back to the plaintiff for seventy-five dollars in cash notes, and thirty barrels of corn. That the plaintiff had said mare in possession, in a lot surrounded by a good fence, at night, from which she was missing in the morning, apparently having been taken out by some person, the fence being laid down as by human hands. That this was a very short time before plaintiff's son sold said mare at Springfield, as aforesaid ; that this was done at plaintiff's residence, twenty miles from Springfield, and where he (plaintiff,) has ever since resided. That the plaintiff's said son was then under age, but had some time before absconded from the plaintiff, and was then residing away from him,

and never returned to the plaintiff's house, until he was hauled there, helpless and sick, about two or three days before his death, which happened about eight or nine months after the selling of the mare by him, as aforesaid. That in a few days after the taking the mare from the lot, as asserted, the plaintiff sent a hired hand in search of her, who came to Springfield, and searched several of the livery stables and other places, for her, but did not find her. That said plaintiff, from the time of the taking of the mare, aforesaid, up to the commencement of the suit, continued to express his determination to have said mare, if he should ever discover her. It was also in proof, that said mare, from the time of being sold in Springfield, as aforesaid, until the commencement of the suit, when idle, was constantly in one of the public livery stables in town ; but that she was a favorite riding nag, and was, consequently, absent from the stable a great part of the time.

The defendant then proved that the plaintiff was on the race track at Springfield, at the races, in the fall of 1840, and, by two witnesses, that they believed, but were not certain, that said mare was ridden to said track, by some one, at said races. Said defendant also proved, that when the plaintiff first discovered the mare, immediately preceding the suit, he exclaimed, "That is my mare; my son stole her from my lot; my son is dead now, and I intend to have her." Another witness, introduced by the defendant, stated that the plaintiff, on discovering the mare, as above, exclaimed, "That is my mare; my son stole her from my lot, and I intend to have her." That witness then asked the plaintiff where his son that stole the mare was ; to which he replied, "He is dead." Another of defendant's witnesses stated, that about the time the mare was replevied from the defendant, by the sheriff, said Constant, of whom the defendant purchased her, said to plaintiff, "If this is your mare, why did you not come and get her, when I sent you word?" To which the plaintiff replied, "I heard she was gone out of town." This was the substance of all the evidence in the case.

On this evidence, the Court instructed the jury, "That if they believed, from the evidence, that the plaintiff knew the mare was in Springfield, in the possession of other persons, who were exercising acts of ownership over her, and that, with that knowledge, he forebore, for more than a reasonable time, to be judged of by the jury, to claim her, they might infer from that, that he had ratified the sale of the mare by his son, and find a verdict for the defendant, although the action might not be within the statute of limitations." The plaintiff excepted to the opinion of the Court, in giving this instruction.

The cause was brought to the Supreme Court by appeal.

This Court is of opinion that the instruction given by the Circuit Court was entirely too general. A party is not bound to sue immediately for any injury he may sustain. He may consult his own

convenience as to when he will assert his rights, provided he is not barred by the statute of limitations, or such length of time as will amount to presumption of payment, or satisfaction. In this case, the time which had elapsed was not so long as to raise any presumption against the rights of the plaintiff. The jury should have been left to make their verdict as to the real ownership of the mare, from the evidence before them, without being instructed that there was any presumption of the ratification of the sale, arising from delay in bringing suit.

For this reason, the judgment is reversed with costs, a new trial ordered below, and the cause remanded for further proceedings.

*Judgment reversed.*